**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| FREDREKA M. BOYKIN, | ) | CASE NO: 1:17-CV-235 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | **Report & Recommendation** |
| | ) | **(Doc. No. 2)** |

Plaintiff, Fredreka M. Boykin ("Plaintiff"), challenges the final decision of Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act, 42 U.S.C. §§ 416(i) & 423. ("Act"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2 for a Report and Recommendation. Plaintiff has requested leave to proceed *in forma pauperis* ("IFP") in this matter. For the reasons set forth below, it is recommended that Plaintiff's IFP motion be DENIED.

**I.      Relevant Background**

On February 6, 2017, Plaintiff, through counsel, filed a Complaint challenging the final decision of the Commissioner denying her application for DIB. (Doc. No. 2.) A motion to proceed IFP accompanied Plaintiff's Complaint. (Doc. No. 1.)

In her Motion, Plaintiff reports that she and her spouse earned a combined $2600[1] in

---

[1] On the first page of the Application, Plaintiff reports that she receives "$300 bi" and her spouse receives "$2000 mon" in gross monthly income. (*Id*. at 1.) On the second page, she totals her gross monthly income as $600 and her spouse gross monthly income as $2000. (*Id*. at

gross monthly income over the past twelve months, and that they expect to receive the same amount in gross monthly income next month. (*Id.* at 1-2.) She reports one dependent, a seventeen year old child. (*Id.* at 3.) Plaintiff reports no asserts and no cash either on hand or in checking/savings accounts. Plaintiff and her spouse's monthly liabilities total $2,110.00, consisting of: rent or home mortgage payment ($775); utilities ($300); food ($300); laundry and dry cleaning ($40);transportation ($135); recreation, entertainment, newspapers, magazines, etc. ($150); total monthly insurance ($10); credit card payments ($300); and student loans ($100). (*Id.* at 3-4.)

**II.     Law and Analysis**

Pursuant to 28 U.S.C. § 1915, this Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988)). Rather, the relevant question is "whether the court costs can be paid without *undue* hardship." *Id* (emphasis added).

In addition to considering an individual IFP applicant's monthly income, federal courts have consistently considered "his or her other financial resources, including resources that could

---

2.) Additionally, in response to question 4 of the Application, Plaintiff states she is currently employed and is paid $600 in gross monthly pay. (*Id.*)

2

be made available from the applicant's spouse, or other family members," as well as equity in real estate and automobiles. *Helland v. St. Mary's Duluth Clinic Health Sys.*, 2010 WL 502781, *1, n1 (D. Minn. Feb. 5, 2010); *Behmlander v. Comm'r of Soc. Sec.*, 2012 WL 5457466, *2 (E.D. Mich. Oct, 16, 2012); *see also Reynolds v. Crawford*, 2009 WL 3908911, * 1 (S.D. Ohio Nov. 17, 2009) ("The case law also directs the courts to consider the income and assets of the applicant's spouse in assessing an application to proceed *in forma pauperis*.") (collecting cases); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn), aff'd, 788 F.2d 1 (2d Cir. 1985) (Table Decision) ("If the plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts."). The decision whether to permit a litigant to proceed IFP is within the Court's discretion. *Id.*

Here, Plaintiff's application reflects that she and her spouse received an average gross income of $2,600 per month over the past twelve months and, further, that they expect to receive a gross monthly income of the same amount in the future. Thus, Plaintiff and her spouse's average monthly income comfortably exceed their average monthly expenses of $2,110. Although Plaintiff and her spouse report having no cash in their checking or savings accounts, the Court notes they report $490 per month more in gross income than expenses. Thus, it does not appear that the cost of filing should impose an undue hardship on Plaintiff or is otherwise beyond her means. Rather, this is a case where Plaintiff must "weigh the financial constraints posed by pursuing her complaint against the merits of her claims." *Behmlander*, 2012 WL

5457466 at *2.[2] Accordingly, it is recommended the Court find that Plaintiff is not eligible to proceed IFP in this Court.

### III. Conclusion

For the foregoing reasons, it is recommended that Plaintiff's Motion for Leave to Proceed IFP (Doc. No. 2) be DENIED. Should the Court issue an Order adopting this Report & Recommendation, it is further recommended that Plaintiff be ordered to pay the $400 filing fee within fourteen (14) days of such Order.


Date: February 8, 2017    s/ *Jonathan D. Greenberg*
                          Jonathan D. Greenberg
                          U.S. Magistrate Judge


### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**

---

[2] Assuming they received $2,600 in average gross monthly income over the past 12 months, Plaintiff and her spouse had a yearly income of $31,200, which exceeds the 2017 Poverty Guideline for a family of three, which is $20,420. *See* http://aspe.hhs.gov/poverty-guidelines. Although not the required standard for determining entitlement to IFP status, these guidelines are used to determine financial eligibility for certain federal programs and, at the very least, provide some guidance with respect to whether an individual is in poverty and, thus, likely unable to pay the filing fee.